of the first, must be read in connection with it; the intent to sell or the offer to sell must be as an article of food."

*Error assigned* was entering judgment for defendant.

*Charles F. Warwick* and *Luther S. Kauffman, Wayne Mac-Veagh* with them, for appellant, cited, Powell v. Com., 114 Pa. 294; Com. v. Weiss, 139 Pa. 247.

*A. B. Roney,* for appellee, cited: Com. v. Powell, 114 Pa. 269; Com. v. Miller, 131 Pa. 118; Com. v. Weiss, 139 Pa. 248.

PER CURIAM, January 30, 1893:
Judgment affirmed.

See also the preceding case.

## Commonwealth *v.* Madden, Appellant.

*Oleomargarine—Practice, C. P.—Appeals.*

Judgment was entered against defendant by a magistrate for the penalty for a violation of the oleomargarine act of April 21, 1885, P. L. 22. Defendant obtained a rule to show cause why an appeal from the magistrate should not be allowed, averring that the oleomargarine was not sold as an article of food, and that it was sold as an original package imported from another state. The court discharged the rule without filing an opinion.

*Held,* on an appeal and certiorari to the Supreme Court, that the judgment should be affirmed.

Argued Jan. 16, 1893.  Appeals, Nos. 430 and 431, Jan. T., 1892, by defendant, James J. Madden, from order of C. P. No 2, Phila. Co., Jan. T., 1892, No. 545, discharging rule to show cause why appeal from magistrate should not be allowed. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Rule to show cause why appeal from magistrate should not be allowed.

From the record it appeared that on Jan. 25, 1892, Samuel M. Clements, magistrate of court No. 9, Philadelphia, rendered judgment against defendant for a penalty of $100 and costs, for the "offence of selling an imitation or adulteration of butter in violation of the Act of April 21, 1885," entitled "An Act for the protection of the public health, and to prevent adulteration of dairy products and fraud in the sale thereof." On Jan. 30,

1892, the court granted a rule to show cause why an appeal should not be allowed. Defendant in the affidavit for the rule averred that the sale was of an original package of oleomargarine imported from another state, and that the package was not sold as an article of food. The court discharged the rule.

*Error assigned* was order discharging rule.

*Henry R. Edmunds,* for appellant, cited, Com. v. Miller 131 Pa. 118; People v. Dold, 63 Hun, 583.

*Luther S. Kauffman* and *Charles F. Warwick, Wayne Mac-Veagh* with them, for appellee, cited, Com. v. Reiser, 1 Adv. R. 165 [147 Pa. 342].

*Henry R. Edmunds,* in reply, cited Com. v. Betts, 76 Pa. 465.

PER CURIAM, January 30, 1893:
Judgment affirmed.

See also the preceding case.

# Sensinger, Appellant, *v.* Boyer.

[Marked to be reported.]

*Estoppel—Trespass—Wrongful levy—Revival—Judgment de terris.*

If the party who seeks protection by setting up an estoppel has not been misled he is not entitled to the benefit of the doctrine.

Defendant was the judgment creditor of Snyder. The judgment was a lien upon a farm sold by Snyder to plaintiff. Before the lien expired the parties came together and revived it by an amicable scire facias signed by plaintiff who was terre-tenant, Snyder, and defendant. Defendant subsequently caused a writ of fieri facias to issue, and the sheriff levied upon all of plaintiff's property. Plaintiff, in ignorance of the fact that the judgment bound only the land conveyed to him by Snyder, and acting under the belief that the sheriff could lawfully levy upon his goods, claimed the benefit of the exemption laws. Goods to the value of $300 were set apart to him, and the remainder were sold by the sheriff. At the sale, plaintiff, still acting in ignorance of his rights, bid or induced his friends to bid on some articles and became the purchaser of them. *Held,* that there was nothing in plaintiff's conduct to estop him from recovering the value of the goods in an action of trespass for the wrongful levy.